UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HALEY MAYNOR AND LEE MAYNOR, II** | : | **CIVIL ACTION NO. 18-cv-1504** |
| **VERSUS** | : | **JUDGE JAMES** |
| **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY, ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs Haley Maynor and Lee Maynor, II. Doc. 22. Defendants Chennault International Airport Authority ("Chennault") and Randolph Robb oppose remand. Doc. 26. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED**.

**I.**
**BACKGROUND**

This suit arises from injuries plaintiffs allege they sustained when Haley Maynor, an employee of Chennault, was allegedly sexually harassed, assaulted, and battered by her supervisor, Randolph Robb. Doc. 1, att. 1, pp. 1-4. On October 12, 2018, plaintiffs filed suit in the 14th Judicial District Court, Parish of Calcasieu, alleging violations of state and federal law. *Id*. Made defendants therein were Chennault and Randolph Robb. *Id.* at 1.

On November 16, 2018, Chennault removed the suit asserting we had federal question jurisdiction based on plaintiffs' federal claims. Doc. 1. On April 5, 2019, plaintiffs were granted

leave to amend their complaint. Doc. 17. In the Amended Petition for Damages plaintiffs now assert claims under only state law and "specifically waive any remedies and causes of action under any Federal law which are not otherwise recoverable pursuant to La. R.S. 23:303, et seq." Doc. 18, p. 2. The federal claims were subsequently and voluntarily dismissed with prejudice. Docs. 21, 24.

On April 18, 2019, plaintiffs filed the instant motion for remand. Doc. 22. They assert the case should be remanded because the remaining claims deal with a complex issue of state law. *Id.* at 2. They aver defendants will not be prejudiced by having to litigate the claims in Louisiana state court. *Id.* at att. 1, p. 5. Defendants oppose remand. Doc. 26. They argue the court should retain supplemental jurisdiction over the state law claims because plaintiffs' state law claims are substantially similar to the claims plaintiffs initially asserted under federal law and they dispute plaintiffs' assertion that these claims raise any novel or complex issues of state law. *Id.* at 4.

## II.
### LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (internal quotation omitted). Generally, a defendant may remove a civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 107 S.Ct. 2425, 2429 (1987). This rule recognizes the axiom "that a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Federal question jurisdiction is most frequently invoked by plaintiffs asserting a cause of action created by federal law. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Plaintiffs asserted a federal claim on the face of their initial complaint by alleging defendants were liable under 42 U.S.C. § 1983, *et seq.* Doc. 1, att. 1, p. 3. All of their state law claims were "part of the same case or controversy." *See* 28 U.S.C. § 1367(a). Accordingly, removal was proper because this court had subject matter jurisdiction at the time of removal. However, post-removal plaintiffs voluntarily dropped all of their federal claims against defendants [docs. 21; 24], and they now seek remand of their remaining state law claims. Doc. 22.

Once our jurisdiction is established by the initial complaint, subsequent removal of the federal claims does not divest our court of jurisdiction. *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015). However, if "the district court has dismissed all claims over which it has original jurisdiction," [28 U.S.C. § 1367(c)(3)], it may decline to exercise jurisdiction and order remand. *Carnegie-Mellon University v. Cohill*, 108 S.Ct. 614 (1988). Although "neither mandatory nor absolute," the "'general rule' is to decline to exercise jurisdiction

over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trail." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)); *see Carnegie-Mellon,* 108 at 619, n. 7 (noting "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction"); *see also Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case"). As noted by the Supreme Court in affirming one court's decision to order remand of a suit in which only pendent state-law claims remained, "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 108 S.Ct. at 619.

To determine whether we should retain our jurisdiction, we must balance the factors set forth in § 1367(c) and the interests of "judicial economy, convenience, fairness and comity." *Id.* Under § 1367(c) the court considers: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). With regard to the fourth factor, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon*, 108 S.Ct. at 622-23. However, the Fifth Circuit has cautioned that an "allegation of improper forum manipulation . . . [is not] a trump card which can defeat the heavy balance of the other relevant considerations." *Enochs v. Lampasas County*, 641 F.3d 155, 163 (5th Cir. 2011).

Moreover, when the federal claims are dismissed in the early stages of litigation—courts in this circuit have repeatedly found the balance of factors favors remand. *Id.*; *Guillot v. Coastal Commerce Bank*, 2010 WL 4812959, at *3 (E.D. La. 2010); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 590 (5th Cir. 1992); *Farmco, Inc. v. Gautreaux*, 2014 WL 1327983, at *6 (M.D. La. 2014); *Savoy v. Pointe Coupee Parish Police Jury*, 2015 WL 3373418, at *4 (M.D. La. 2015); *Hicks v. Austin Independent School Dist.*, 564 Fed.Appx. 747, 749 (5th Cir. 2014).

Plaintiffs argue this case should be remanded because it is based on a complex issue of state law. Doc. 22, p. 2. They assert defendants will not be prejudiced by such remand because there has been very little discovery and no trial is currently set. *Id.* at att. 1, p. 4. Defendants oppose remand. Doc. 26. They dispute the presence of complex issues of state law in this case and they argue this court is well situated to examine plaintiffs' state-law claims under Louisiana Employment Discrimination Law ("LEDL") because they will be analyzed under the same framework as the federal-law discrimination claims that initially served as the basis for jurisdiction. *Id.* at 4. Moreover, they speculate that plaintiffs only dismissed their federal claims because plaintiffs believe "they are advantaged by having the case heard in state court." *Id.* at 5. Finally, they argue that because they have expended time and effort removing the case based on plaintiffs' federal claims, fairness dictates we should exercise jurisdiction in this matter. *Id.*

The federal claims in the matter were dismissed with prejudice and only state claims remain. Plaintiffs' dismissal of their federal law claims may be viewed as "forum manipulation" but they did so at their own prejudice, forever barring their ability to raise them again, thus any resources expended by defendants in removing this action will likely be offset by the resources they save having no further need to defend against plaintiffs' federal claims. When all federal

claims are dismissed in the early stages of litigation, our jurisprudence favors remand of pendent state-law claims. Considering the interests of "judicial economy, convenience, fairness and comity," we find no compelling reason to exercise jurisdiction given the infancy of the case. Accordingly, we recommend the case be remanded.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand [doc. 22] be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of June, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE